ADDISON Y. REID ET AL. V. GEORGE MATHERS ET AL.

**Res Adjudicata not a Bar Unless Demand in Issue has been Adjudicated on Merits to Determine Which the Record of Former Trial is Admissible.**

Res adjudicata is not a bar to recovery unless the demand sued on has been adjudicated on its merits in the former trial to determine which so much of the records of such trial as will aid in the determination of the issue interposed is admissible. Hence a judgment, inadvertently including certain items not then due or paid by plaintiff, which the court, sua sponte, on motion for new trial, deducts from the sum adjudged and to which remittitur of excess plaintiff consents, is not a bar to an action for recovery of the amounts thereafter paid.

[Syllabus approved by the court.]

Hamilton County.

Error to common pleas court.

*Horace L. Smith* and *H. E. Engelhardt,* for the plaintiffs in error.

*Chas. B. Wilby* and *Oliver S. Bryant,* for defendants in error.

## JONES, J.

We think. it was proper to admit all evidence in the court below which tended to prove what the entry of April 21, 1903, in case No. 121794 in common pleas court really meant. The former judgment could only be a bar to recovery in case the court in that case decided the claim here sued upon on its merits. It is claimed that this was done; that the court regularly rendered judgment for a sum including the items upon which the petition in this case is based.

The record bears out this claim.

But, after the case had been heard and decided by the court without the intervention of a jury, a motion for a new trial was filed in which there was no mention of mistake or excess in the amount of the judgment. The motion was overruled and in the entry the court, apparently on its own motion, corrected the former judgment entry in the amount thereof, expressly stating that by inadvertence it included certain items or sums of money not yet paid by plaintiffs.

The action was one for damages and the trial court evidently acted upon the theory (correctly, as we think) that where the assessments had not been paid the right of action had not accrued.

But, it is not material whether or not this view was correct. The entry shows clearly that the reduction was made solely for the reason, as before stated, that the assessments had not yet been paid and that the right of action had not accrued. There was, therefore, in the action of the court, no adjudication of these separate items of the account upon their merits.

The use of the word "remit" in the final entry can not change the rights of plaintiffs, as the manifest intention was to consent to the reduction only, and this, for the reasons given by

Reid v. Mathers.

the trial judge. There is no waiver, express or by implication, of the items of the account which the court found had been erroneously included in the judgment. There is no remittitur of the claim, but simply, "from said judgment." There is no language in the entry that could be construed into a voluntary relinquishment of the claim.

The verdict below and judgment thereon are sustained by the evidence and we find in the record no prejudicial error.

Judgment affirmed.

**Smith** and **Swing, JJ.,** concur.